**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 8:25-cv-02430-WFJ-AAS** |
| **Plaintiff,** | |
| **v.** | **CONSENT DECREE OF PERMANENT INJUNCTION** |
| **TAMPA VAPOR INC., a corporation, and MICHAEL R. SYNYCHAK, an individual,** | |
| **Defendants.** | |

Plaintiff, the United States of America, by its undersigned counsel, on behalf of the United States Food and Drug Administration ("FDA"), having filed a Complaint for Permanent Injunction against Defendants Tampa Vapor Inc. ("Tampa Vapor" or the "firm"), a corporation, and Michael B. Synychak, an individual (collectively "Defendants"), and Defendants having appeared and consented to entry of this Decree without contest, and before any testimony has been taken, and the United States of America having consented to this Decree;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has jurisdiction over the subject matter and all parties to this action.

2. The Complaint states a cause of action against Defendants under

1

the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301-399i ("the Act").

3.      The Complaint alleges that Defendants violate 21 U.S.C. § 331(c), by receiving in interstate commerce ENDS products, which are tobacco products within the meaning of 21 U.S.C § 321(rr), that are adulterated under 21 U.S.C. § 387b(6)(A) and misbranded under 21 U.S.C. § 387c(a)(6), and delivering or proffering for delivery such tobacco products for pay or otherwise.

4.      For the purposes of this Decree, the following definitions shall apply:

A.      "Associated Persons" refers to Defendants' directors, officers, agents, representatives, employees, attorneys, successors, assigns, and any and all persons or entities in active concert or participation with any of them (including individuals, partnerships, corporations, subsidiaries, affiliates, franchisees, and "doing business as" entities).

B.      "Defendants' Facilities" refers to 1515 South Dale Mabry Highway, Suite 103, Tampa, Florida 33629, 10312 Bloomingdale Avenue, No. 110, Riverview, Florida 33578, and any other location(s) at which Defendants now or in the future directly or indirectly receive, manufacture, hold, distribute, sell, and/or offer for sale tobacco products.

C.      "ENDS products" refers to electronic nicotine delivery system products (including devices, components, and/or parts that deliver aerosolized e- liquid when inhaled), which are "tobacco products" within the meaning of 21 U.S.C. § 321(rr).

D.      "Defendants' ENDS products" refers to ENDS products

2

directly or indirectly received, manufactured, held, distributed, sold and/or offered for sale by Defendants.

E.     "Defendants' websites" refers to *https://www.tampavapor.com,* and any other website(s) or social media page(s) now or in the future owned, created, or controlled by Defendants, including but not limited to any websites referenced, endorsed, or adopted directly or indirectly by Defendants.

5.     Upon entry of this Decree, Defendants and each and all of their Associated Persons, who have received actual notice of this Decree by personal service or otherwise, are permanently restrained and enjoined under 21 U.S.C. § 332(a), and the inherent equitable authority of this Court, from directly or indirectly receiving, manufacturing, holding, distributing, selling, and/or offering for sale, any ENDS product at or from Defendants' Facilities and/or Defendants' websites, unless and until:

A.     The ENDS product is listed with FDA as required under 21 U.S.C. § 387e(i) and has received marketing authorization from FDA, and such authorization remains in effect, as follows:

   i.   FDA has issued a marketing granted order under 21 U.S.C. § 387j(c)(1)(A)(i), for the ENDS product; or

   ii.  FDA has issued a substantial equivalence order under 21 U.S.C. § 387j(a)(2)(A)(i), for the ENDS product; or

   iii. FDA has issued an order finding that the ENDS product is exempt from the substantial equivalence requirements

3

pursuant to 21 U.S.C. § 387e(j)(3), and the abbreviated reporting requirements in 21 U.S.C. §§ 387e(j)(1)(A)(ii) and 387e(j)(1)(B) are satisfied for the ENDS product;

B.    FDA representatives, without prior notice and as and when FDA deems necessary, inspect Defendants' Facilities and Defendants' websites to determine whether the requirements of this Decree have been met and whether Defendants are operating in conformity with this Decree, the Act, and its implementing regulations;

C.    Defendants have reimbursed FDA for the costs of all FDA inspections, investigations, supervision, analyses, examinations, and reviews that FDA deems necessary to evaluate Defendants' compliance with paragraph 5, at the rates set forth in paragraph 13; and

D.    FDA notifies Defendants in writing that they appear to be in compliance with the requirements set forth in paragraphs 5(A) and 5(C) of this Decree. FDA shall notify Defendants no later than forty-five calendar (45) days after FDA's inspection pursuant to paragraph 5(B), or as soon as practicable taking into account public health circumstances and/or agency resources. In no circumstance shall FDA's silence be construed as a substitute for written notification.

6.    Within fourteen (14) calendar days after entry of this Decree, Defendants shall submit to FDA for review and approval a written destruction plan to destroy all adulterated and misbranded ENDS products in Defendants' custody,

control, or possession as of the date this Decree is signed by the parties. Within sixty (60) calendar days after entry of this Decree, Defendants shall, under FDA's supervision and pursuant to a written destruction plan approved in writing by FDA prior to implementation, complete such destruction. Defendants shall bear the costs of destruction and the costs of FDA's supervision incurred under this paragraph. Defendants shall not dispose of any ENDS products in a manner contrary to the provisions of the Act, any other federal law, or the laws of any State or Territory, as defined in the Act, in which the ENDS products are disposed.

7.    Upon entry of this Decree, and after receiving FDA's written notification pursuant to paragraph 5(D), Defendants and their Associated Persons are permanently restrained and enjoined under 21 U.S.C. § 332(a) from directly or indirectly doing or causing to be done any of the following acts:

A.    violating 21 U.S.C. § 331(a), by introducing or delivering for introduction into interstate commerce ENDS products that are adulterated under 21 U.S.C. § 387b(6)(A) and misbranded under 21 U.S.C. § 387c(a)(6);

B.    violating 21 U.S.C. § 331(c), by receiving in interstate commerce ENDS products that are adulterated under 21 U.S.C. §387b(6)(A) and misbranded under 21 U.S.C. § 387c(a)(6), and delivering or proffering for delivery such tobacco products for pay or otherwise; and

C.    failing to implement and continuously maintain the requirements of this Decree.

8.    Notwithstanding paragraphs 5 and 7 above, this Decree shall not be

construed to restrain or enjoin Defendants from receiving, manufacturing, holding, distributing, selling, and/or offering for sale or to require Defendants to destroy pursuant to paragraph 6 above:

A.   any ENDS product that has received marketing authorization from FDA and such authorization remains in effect;

B.   any ENDS product for which there is a judicial or administrative stay of a Marketing Denial Order for that product;

C.   any ENDS product for which FDA is engaged in an agency-initiated administrative re-review of a Marketing Denial Order; or

D.   any ENDS product with a sole characterizing flavor of tobacco for which there is a pending premarket tobacco product application.

Within fourteen (14) calendar days after entry of this Decree, Defendants may provide a list of any ENDS products they market to FDA at the address listed in paragraph 20 below so that FDA may determine whether any such products are subject to any of the above exclusions. In order for FDA to respond to the list, Defendants' list must include the following information for each ENDS product Defendants market: (a) the name of the firm that manufactures and/or owns the product; (b) the full product name (including brand and sub-brand(s)); (c) nicotine concentration; and (d) flavor(s). FDA will respond to Defendants in writing within fourteen (14) calendar days after receipt of such list and required information, or as soon as practicable taking into account public health circumstances and/or agency resources. In no circumstance shall FDA's silence be construed as a substitute for a

written response. Subsequent to the initial exchange above, Defendants also may provide on a quarterly basis a list of additional ENDS products they intend to market to FDA at the address listed in paragraph 20 below (including all of the detailed information listed in this paragraph) so that FDA may determine whether any such products are subject to any of the above exclusions. FDA will respond to Defendants in writing within fourteen (14) calendar days after receipt of such list and required information, or as soon as practicable taking into account public health circumstances and/or agency resources. FDA will notify Defendants in writing in the event a prior determination that an ENDS product was subject to any of the above exclusions is no longer subject to any of the above exclusions.

9.    If, at any time after entry of this Decree, FDA determines, based on the results of an inspection, the analysis of a sample, a report, an application, or data prepared or submitted by Defendants, a review of product labels, labeling, leaflets, promotional materials, Defendants' websites, or any other information, that Defendants have failed to comply with any provision of this Decree, Defendants have violated the Act or its implementing regulations, or additional corrective actions are necessary to achieve compliance with this Decree, the Act, or its implementing regulations, FDA may, as and when it deems necessary, notify Defendants in writing of the noncompliance and order Defendants to take appropriate corrective action, including, but not limited to, ordering Defendants to immediately take one or more of the following actions:

A.    cease receiving, manufacturing, holding distributing, selling,

and/ or offering for sale all ENDS products that lack required FDA authorization or do not fall within one of the categories identified in paragraph 8(A)-(D) above;

   B.    recall, at Defendants' expense, any ENDS product that is adulterated or misbranded or otherwise in violation of this Decree, the Act, or its implementing regulations;

   C.    submit additional information to FDA as requested;

   D.    institute or reimplement any of the requirements set forth in this Decree; and/or

   E.    take any other corrective actions as FDA, in its discretion, deems necessary to protect the public health or bring Defendants into compliance with this Decree, the Act, or its implementing regulations.

This remedy shall be separate and apart from, and in addition to, any other remedy available to the United States under this Decree or under the law. Defendants shall pay all costs of recalls and other corrective actions, including the costs of FDA's inspections, investigations, supervision, analyses, examinations, reviews, document preparation, travel, and subsistence expenses to implement and monitor the remedies set forth in this paragraph, at the rates specified in paragraph 13.

   10.    Upon receipt of any order issued by FDA pursuant to paragraph 9, Defendants shall immediately and fully comply with the terms of the order. Any cessation of activities under paragraph 9(A) shall continue until Defendants receive written notification from FDA that Defendants appear to be in compliance with this

Decree, the Act, and its implementing regulations, and that Defendants may resume such operations. After a cessation of activities under paragraph 9(A), and while determining whether Defendants appear to be in compliance with the Decree, the Act, and its implementing regulations, FDA may require Defendants to reinstitute or reimplement any of the requirements of this Decree.

11.     Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to inspect Defendants' Facilities and, without prior notice, take any other measures necessary to monitor and ensure continuing compliance with the terms of this Decree, the Act, and its implementing regulations. During such inspections, FDA representatives shall be permitted to: (a) have immediate access to Defendants' places of business including, but not limited to all buildings, equipment, raw ingredients, in-process materials, finished products, containers, packaging material, labeling, and other material therein; (b) take photographs and make video recordings; (c) take samples of Defendants' raw ingredients, in-process materials, finished products, containers, packaging material, labeling, and other material; and (d) examine and copy all records relating to the receipt, preparing, processing, packing (including repacking), labeling, holding, and distribution of any and all of Defendants' tobacco products and their components and parts. The inspections shall be permitted upon presentation of a copy of this Decree and appropriate credentials. The inspection authority granted by this Decree is separate from, and in addition to, the authority to make inspections under the Act, 21 U.S.C. § 374.

12.     Defendants shall immediately provide any information or records to FDA upon request regarding the receipt, manufacture, distribution, sale, and/or offering for sale of Defendants' ENDS products, including information or records from Defendants' websites. Defendants shall submit such information or records to FDA at the address specified in paragraph 20.

13.     Defendants shall pay all costs of FDA's inspections, investigations, supervlsl0n, analyses, examinations, and reviews that FDA deems necessary to evaluate Defendants' compliance with this Decree, including all transportation and associated costs for FDA investigators and experts, at the standard rates prevailing at the time the costs are incurred. Defendants shall make payment to FDA within twenty (20) business days after receiving an electronic invoice for payment, which shall be sent to tampavapor@gmail.com. Defendants shall make payment through the Pay.gov electronic billing system, subject to all interest, fees, and penalties applicable to delinquent payments, in accordance with 31 U.S.C. § 3717 and 45 C.F.R. § 30. As of the date that this Decree is signed by the parties, these rates are: $120.26 per hour or fraction thereof per representative for inspection and investigative work; $144.13 per hour or fraction thereof per representative for analytical or review work; $0.725 per mile for travel by automobile; government rate or the equivalent for travel by air or other means; and the published government per diem rate for subsistence expenses, where necessary. In the event that the standard rates for FDA supervision of court-ordered compliance are modified, these rates shall be increased or decreased without further order of the Court. Defendants shall notify FDA within fifteen (15)

business days if the email address at which Defendants receive electronic invoices changes.

14.     Within five (5) business days after entry of this Decree, Defendants shall prominently post a copy of this Decree in a conspicuous location in an employee common area at Defendants' Facilities and on Defendants' websites, and shall ensure that the Decree remains posted for as long as the Decree remains in effect. Within ten (10) business days after entry of this Decree, Defendants shall provide to FDA an affidavit, from a person with personal knowledge of the facts stated therein, stating the fact and manner of compliance with this paragraph.

15.     Within ten (10) business days after entry of this Decree, Defendants shall hold a general meeting or series of smaller meetings for all Associated Persons, at which they shall describe the terms and obligations of this Decree. Within twenty (20) business days after entry of this Decree, Defendants shall provide to FDA an affidavit, from a person with personal knowledge of the facts stated therein, stating the fact and manner of compliance with this paragraph and a copy of the agenda, list of attendees, and meeting minutes from the meeting(s) held pursuant to this paragraph. Within ten (10) business days after entry of this Decree, Defendants shall provide a copy of the Decree by personal service or certified mail (return receipt requested) to each and all of their Associated Persons. Within twenty (20) business days after entry of this Decree, Defendants shall provide to FDA an affidavit, from a person with personal knowledge of the facts stated therein, stating the fact and manner of compliance with this paragraph, identifying the names, addresses, and positions of

11

all Associated Persons who have received a copy of this Decree, and attaching a copy of the executed certified mail return receipts.

16.     In the event that any of the Defendants becomes associated with any additional Associated Person(s) at any time after entry of this Decree, Defendants shall immediately provide a copy of this Decree, by personal service or certified mail (return receipt requested) to such Associated Person(s). Within five (5) business days after each time that any of the Defendants becomes associated with any additional Associated Person, Defendants shall provide to FDA an affidavit, from a person with personal knowledge of the facts stated therein, stating the fact and manner of compliance with this paragraph, identifying the names, addresses, and positions of all Associated Persons who received a copy of this Decree pursuant to this paragraph, and attaching a copy of the executed certified mail return receipts.

17.     Defendants shall notify FDA in writing at least ten (10) business days before any change in ownership, name, or character of their business that occurs after entry of this Decree, including an incorporation, reorganization, creation of a subsidiary, relocation, dissolution, bankruptcy, assignment, lease, sale, or any other change in the structure or identity of the firm or the assignment, lease, or sale of any business assets, such as buildings, equipment, or inventory, that may affect obligations arising out of this Decree. Defendants shall provide a copy of this Decree to any prospective successor or assign at least twenty (20) business days prior to any sale or assignment. Defendants shall furnish FDA with an affidavit of compliance with this paragraph no later than ten (10) business days prior to such assignment or change in

12

ownership.

18.      Should the United States bring and prevail in a contempt action to enforce the terms of this Decree, Defendants shall, in addition to other remedies, reimburse the United States for its attorneys' fees (including overhead), expert witness fees, travel expenses incurred by attorneys and witnesses, investigational and analytical expenses, administrative and court costs, and any other costs or fees relating to such contempt proceedings.

19.      Defendants shall abide by the decisions of FDA, and FDA's decisions shall be final. All decisions conferred upon FDA in this Decree shall be vested in FD A's discretion and, to the extent that these decisions are subject to review, shall be reviewed by the Court under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A). Review by the Court of any FDA decision rendered pursuant to this Decree shall be based exclusively on the written record before FDA at the time the decision was made. No discovery shall be taken by either party.

20.      All notifications, correspondence, and communications to FDA required by the terms of this Decree shall (1) be prominently marked "Decree Correspondence," (2) reference this civil action by case name and civil action number, and (3) be submitted electronically to the Center for Tobacco Products Office of Compliance and Enforcement, at CTPCompliance@fda.hhs.gov. If electronic submission is not possible, communications shall be addressed to the attention of Division Director, Division of Enforcement and Manufacturing, Office of Compliance and Enforcement, FDA Center for Tobacco Products, c/o Document

13

Control Center, Building 71, Room 0335, 10903 New Hampshire Avenue, Silver Spring, MD 20993-0002.

21.     Except as provided in the foregoing provisions of this Decree, the parties shall bear their own costs and attorneys' fees in this action.

22.     Within ten (10) business days after signing this Decree, Defendants shall file a notice dismissing with prejudice all their counterclaims in this matter.

23.     No sooner than sixty (60) months after the entry of this Decree, Defendants may petition FDA for leave to ask this Court for relief from this Decree. If, at the time of the petition, in FDA's judgment, Defendants have maintained a state of continuous compliance with this Decree, the Act, and its regulations for sixty (60) months, the United States will not oppose the petition, and Defendants may request the Court to grant such relief.

24.     All deadlines in this Decree may be extended or shortened by mutual consent of FDA and Defendants in writing, without leave of Court.

SO ORDERED.

Dated this 22nd day of April, 2026.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

14

The parties hereby consent to the foregoing Decree:

FOR DEFENDANTS:

MICHAEL R. SYNYCHAK
Individually and on behalf of
Tampa Vapor Inc.

THOMAS E. MCGUIRE, ESQ.
McGuire Law Offices
1173 N.E. Cleveland Street
Clearwater, FL 33755
Phone (727) 446-7659
Fax (727) 446-0905

*Counsel for Defendants*

FOR PLAINTIFFS:

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SARMAD M. KHOJASTEH
Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director
Enforcement & Affirmative
Litigation Branch

ROGER J. GURAL
Senior Trial Attorney
Georgia Bar No. 300800
U.S. Department of Justice
450 Fifth Street, N.W.
Washington, DC 20044
Tel: 202-307-0174
Roger.Gural@usdoj.gov

GREGORY W. KEHOE
United States Attorney

LACY R. HARWELL, JR.
Assistant U.S. Attorney
Fla. Bar No. 714623
Office of the U.S. Attorney, MDFL
400 N. Tampa St., Suite 3200
Tampa, FL  33602
Tele. 813 274-6000
Email: Randy.Harwell@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*

15

MICHAEL B. STUART
General Counsel
U.S. Department of Health and
Human Services

SEAN R. KEVENEY
Chief Counsel
Food and Drug Administration

SHANNON M. SINGLETON
Deputy Chief Counsel, Litigation

TRACEY C. ALLEN
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
White Oak 31
Silver Spring, MD 20993-0002

*Of Counsel*

16